The document below is hereby signed.

Signed: May 16, 2018



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CARLA CARRAWAY, | ) | Case No. 17-00630 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND
ORDER DISMISSING MOTION TO VALUE COLLATERAL

The debtor's *Motion to Value Collateral* seeks to fix the value of a car (securing a claim of American Credit Acceptance, LLC) at $13,000 and to fix interest payable at 6% per annum. This suggests that the debtor intends to retain the car and, under a chapter 11 plan (which has not yet been filed), to pay postconfirmation interest on the secured claim at 6% per annum.

I

Under LBR 9013-1(b)(3), "a motion commencing a contested matter must include or be accompanied by a conspicuous notice of the opportunity to oppose the motion." The debtor initially served the *Motion* without any notice of an opportunity to oppose the *Motion*. On April 18, 2018, the debtor served a notice of opportunity to oppose the *Motion*, giving notice that the *Motion*

had to be opposed by April 30, 2018. The notice did not include a copy of the *Motion*. Even if the notice had included (or could be deemed to have included) the earlier-filed *Motion*, it gave the creditor only 12 days from April 18, 2018, to file an opposition. Under LBR 9013-1(b)(4), the debtor was required to give notice that an opposition was due within 14 days after service. Because service was by mail, the deadline was additionally required to include an additional three days based on Fed. R. Bankr. P. 9006(f). Accordingly, I will dismiss the *Motion* with leave to pursue a motion for valuation anew.

II

The *Motion* attaches a CarMax offer for the car of $13,000. As noted in *In re Motors Liquidation Co.*, 576 B.R. 325, 423 (Bankr. S.D.N.Y. 2017):

> Section 506(a)(1) governs the valuation of collateral . . . . "Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." 11 U.S.C. § 506(a)(1). The Supreme Court has emphasized that "actual use, rather than a foreclosure sale" or some other event "that will not take place, is the proper guide" in valuing collateral. *Assocs. Commercial Corp. v. Rash*, 520 U.S. 953, 954, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997).

Here, the *Motion* fails to identify the use to which the car will be put, but by mentioning an interest rate to be paid, this suggests that the debtor intends to retain the vehicle. Accordingly, a sale is an event "that will not take place," and

thus an offer of purchase by CarMax is not an appropriate value to use.  Instead, under *Rash*, 520 U.S. at 965, the debtor must use a replacement value, that is, what the debtor would pay to purchase the car for the same proposed use as under a plan.  Under *Rash*, 520 U.S. at 960, the value is "the price a willing buyer in the debtor's trade, business, or situation would pay to obtain like property from a willing seller."  If the debtor seeks to pursue a motion to value anew, the debtor ought to be prepared to show a proper value.

### III

The *Motion* requests that the court determine "the pertinent interest rate which would allow Creditor to receive the current value of its claim, to be six percent (6.00%) per annum."  The debtor appears to contemplate paying the allowed secured claim over time under the "cram down" provisions of 11 U.S.C. § 1129(b)(2)(A)(i)(II) (addressing making "deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property").  However, such repayment would be via a plan, and it is inappropriate to fix an interest rate for purposes of a plan (not yet filed) via a motion.  The appropriate interest rate to be paid on the allowed secured claim will depend upon prevailing interest rates as of the effective date of a plan, as well as

such factors as the period of time over which the secured claim is being paid. Without a plan having been filed, it is inappropriate to fix an interest rate. The debtor may file a plan proposing an interest rate, giving the creditor an opportunity to object to the proposed interest rate in the context of that plan. However, the issue ought to be raised via a plan, not via a motion.

IV

It is

ORDERED that the *Motion to Value Collateral* is dismissed without prejudice to pursuing a motion to value collateral anew.

[Signed and dated above.]

Copies to: Recipients of e-notifications of orders;

Dan C. Breedan Jr.
Resident Agent for American Credit Acceptance, LLC
340 E. Main St, Suite 500
Spartansburg, S.C. 29302